UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:17-CV-00468-JHM

ISAIAH SMITH                                                         PLAINTIFF

V.

DIRECTOR MARK BOLTON, et al                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DN 2]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff Isaiah Smith brings this action to recover for the injuries he received while in custody of the Louisville Metro Department of Corrections (LMDC). On June 25, 2016, Smith was charged with first degree assault and tampering with physical evidence (Id. ¶ 11.) He was taken into custody three days later. (Id. ¶ 12.) While in custody, Smith began to suffer a panic attack. (Id. ¶ 16.) Unknown Officers of LMDC slammed Smith to the ground and put him in a chokehold. (Id. ¶ 17−18.) Plaintiff claims that he was subdued by the officers and attempted to comply with as much as his body and their restrictions would allow. (Id. ¶ 20.) Nonetheless, Unknown Officers of the LMDC pinned him to the ground and punched him in the face resulting in Smith's eye being cut. (Id. ¶ 21−23.) Smith was transferred to the emergency room to treat his injuries. (Id. ¶ 24−25.) While in the waiting room at the hospital, Plaintiff alleges that Unknown Officers of the LMDC shackled him a pole and intentionally delayed his medical treatment. (Id. ¶ 27 & 29.)

On June 28, 2017, Smith filed this action in Jefferson County Circuit Court against LMDC Director Mark Bolton, his deputy Steve Durham, Louisville Mayor Greg Fischer, and the Unknown Officers of LMDC. On August 2, 2017, Defendants jointly removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal [DN 1] ¶ 2.) Defendants Bolton, Durham, and Fischer now bring this Motion to Dismiss, claiming that Plaintiff fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

### III. DISCUSSION

Plaintiff brings four claims against Director Bolton, Assistant Director Durham, and Mayor Fischer. In Count I, Plaintiff alleges that Defendants violated his Eighth Amendments rights. In Count IV, Plaintiff claims Defendants should be held liable for the negligence of the Unknown LMDC Officers through the principles of agency. Count V alleges Defendants were negligent under KRS 71.020. Lastly, in Count VI, Plaintiff alleges that Defendants should be held liable for negligent supervision, hiring and training. The Court will discuss each in turn.

### 1. 1983 Claim (Count 1)

Plaintiff first brings a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. (Compl. ¶ 38.) The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and take reasonable measure to guarantee the safety

3

of prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Yet, this does not mean that every injury suffered by an inmate amounts to a constitutional violation by prison officials. Id. at 834. Rather, an inmates' claim of violation of the Eighth Amendment requires proof that the prison official was deliberately indifferent to a substantial risk of serious harm. Id. at 828. For a claim alleging Eighth Amendment violations based on failure to prevent harm, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm. Id. at 834.

Here, the Complaint merely states that Defendants were deliberately indifferent by "placing the Plaintiff in a situation" where he was exposed to an unreasonable risk of serious harm. (Compl. ¶ 34.) Yet, Plaintiff alleges no factual support for these conclusory allegations. In the facts section of his Complaint, Plaintiff alleges that he was seriously injured at the hands of Unknown Officers of LMDC. But as for the Defendants Fischer, Bolton, and Durham, there are no assertions that they had any direct knowledge or involvement in Plaintiff's arrest, detention, alleged excessive force or alleged failure to treat Plaintiff's medical needs. There are no allegations which allow the Court to draw a reasonable inference that these Defendants acted with deliberate indifference toward the Plaintiff.

Plaintiff's argument suggesting that these Defendants are liable by virtue of the constitutional violations of their subordinates is equally unavailing. "The Supreme Court has stated that § 1983 liability cannot be premised on a theory of respondeat superior." Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978)). Instead, the Sixth Circuit has held that a supervisor may be liable for the unconstitutional act of a subordinate under § 1983 only if a plaintiff can prove that "the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." Id. (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)).

"At a minimum a plaintiff must show that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 470 (6th Cir. 2006).

While Plaintiff's Complaint offers a formulaic recitation of the elements claiming that "[d]efendants directly participated in unconstitutional conduct described herein, encouraged it, implicitly authorized it, approved it, and/or knowingly acquiesced in it," the Complaint utterly fails to support these conclusory allegations with any factual assertions. Because Plaintiff does not allege facts to state a plausible claim, Plaintiff's allegations under § 1983 against Director Bolton, Assistant Director Durham, and Mayor Fischer are dismissed.

### 2. Negligence through Respondeat Superior (Count IV)

Plaintiff also claims that pursuant to the theory of respondeat superior, Defendants should be held liable for any negligence of their subordinates. Defendants move to dismiss this claim, correctly stating, "Public officials are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them." (Mot. to Dismiss at 10.) The Kentucky Supreme Court has ruled that "[p]ublic officials are not individually liable for the negligent actions of employees unless they ratify or participate in the tortious act. In order to have negligence or fault attributed to a public official, there must be proof of personal wrongdoing." Criswell v. Wayne County, No. 9-5971, 1998 WL 598739, at *6 (6th Cir. Aug. 27, 1998) (citing Franklin County, Ky. v. Malone, 957 S.W.2d 195, 199 (Ky. 1997) (overruled on other grounds)). Again, the Complaint contains no allegations that Defendants were even aware of Plaintiff's injuries, and it certainly does not allege any facts to support a claim that Defendants ratified or participated in the acts of Unknown Officers. Thus, Plaintiff's allegations of

negligence against Defendants Fischer, Bolton and Durham fail to state a claim and are dismissed.

### 3. Negligence under KRS 71.020 (Count V)

Plaintiff next argues that Defendants should be held liable for negligence pursuant to KRS 71.020. (Compl. ¶ 58.) According to this statute, a "jailer shall have the custody, rule and charge of the jail in his county and all persons in the jail and shall keep the same himself or by his deputy or deputies." Ky. Rev. Stat. § 71.020. The Plaintiff claims that this should impose liability on Director Bolton and Assistant Director Durham which would also extend to Mayor Fischer through the principles of agency. (Compl. ¶¶ 59 & 64.) Yet the Defendants are correct that this statute does not apply to individuals such as the Defendants in this motion. Upon the consolidation of Jefferson County and the City of Louisville, the duties normally imposed on a county jailer were vested in the LMDC. Ky. Rev. Stat. § 30.20(F)(2). "However, a plain reading of § 67B.030(2) fails to indicate that those duties also extend to Louisville Metro Corrections employees." Bruederle v. Louisville Metro Gov't, No. 3:05-CV-818, 2001 WL 2462630, at *4 (W.D. Ky. Aug. 27, 2007). As employees of LMDC, neither Director Bolton nor Assistant Director Durham can be held negligent under this statute. For this reason, Plaintiff's claim under KRS 71.020 is dismissed.

The Court acknowledges that Plaintiff, in his Response to the Motion to Dismiss, indicated that he wished to amend his Complaint in order to add LMDC as a defendant. (Resp. to Mot. to Dismiss [DN 6] at 10−11.) The Defendants replied, arguing that LMDC is not an entity that can be sued and that an added party could not relate back to the original Complaint. (Def.'s Reply in Support of Mot. to Dismiss [DN 7] at 3−4.) Regardless, the docket does not show that Plaintiff has filed an amended complaint, thus, the issue is not before the Court at this time.

### 4. Negligent Supervision, Hiring, and Training (Count VI)

Lastly, Defendants claim that Plaintiff's claim of negligent supervision, hiring, and training must be dismissed because the allegations of the Complaint are insufficient and because they are immune from liability. The Court need not reach the immunity question because the Plaintiff's allegations as to this claim suffer from the same deficiencies as the others. Plaintiff's allegations are merely conclusory. There are no factual assertions to support the claims. Thus, there is nothing to allow the Court to draw the inference that these Defendants are liable on Plaintiff's claim of negligent supervision, hiring or training. This claim is dismissed.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED.**

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

November 8, 2017

cc: counsel of record